Lisa Counters, 016436
THE COUNTERS FIRM, P.C.
4809 E. Thistle Landing Drive, Ste. 100
Phoenix, AZ  85044
(602) 490-0030 (Voice)
(888) 683-8397 (Fax)
Lisa@countersfirm.com

Javier A Puig, 022977
Alan M. Schiffman, 004257
SCHIFFMAN PUIG, P.C.
4506 North 12th Street
Phoenix, Arizona   85014
Phone:  (602) 266-2667
Fax #:  602-266-0141
Javier@splaw.net
Alan@splaw.net

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Wanless,<br><br>                              Plaintiff,<br><br>vs.<br><br>Aetna Life Insurance Company, a foreign insurer; The Boeing Company, a foreing corporation, The Boeing Company Long-Term Disability Plan, The Boeing Company Short-Term Disability Plan, and the Boeing Service Center for Health and Insurance Plans,<br><br>                              Defendants. | No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

For his claim against Defendants, Charles Wanless ("Wanless") alleges as follows:

## JURISDICTION AND VENUE

1. Wanless is a resident of Maricopa County, Arizona.

2. Defendant Aetna Life Insurance Company ("Aetna") is a foreign insurer, authorized to do business and engaged in business in the State of Arizona.  Aetna resides and is found within this District within the meaning of the jurisdiction and venue provisions of

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

3. The Boeing Company ("Boeing") is a foreign corporation that is authorized to conduct business in Arizona. On information and belief, Boeing's corporate headquarters are in Chicago, Illinois.

4. The Boeing Company Long-Term Disability Plan ("Plan") is a purported ERISA benefit plan established and maintained by Boeing for the benefit of its employees. The Plan includes long-term disability benefits ("LTD Plan"). Boeing is the Plan Administrator.

5. The Boeing Company Short Term Disability Plan ("STD Plan") is a payroll practice plan that pays short-term disability benefits to employees for a six-month period.

6. As a result of an Administrative Services Agreement, Aetna handles the day-to-day administration of the STD plan. Aetna makes benefit decisions, processes appeals, and pays claims.

7. The Boeing Service Center for Health and Insurance Plans ("BSC") is the Plan Administrator of the Plan, the STD Plan, and the LTD Plan.

8. This Court has jurisdiction over the LTD Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because Wanless resides in Arizona.

9. This Court has jurisdiction over the STD Plan pursuant to 28 U.S.C. § 1367 and because Wanless resides in Arizona.

10. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

11. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

12. Boeing, Aetna, and the BSC are all plan fiduciaries as that term is defined by ERISA.

13. Boeing provides certain employees with STD Plan benefits that are paid from Boeing's general assets.

14. Boeing employees are entitled to up to 26 weeks of STD Plan benefits.

15. The STD Plan defines disability as an illness "that prevents you from performing the material duties of your own occupation or other appropriate work the Company makes available."

16. Wanless' worked for Boeing as a Multi-Media Graphic Designer. The duties of his own occupation that he is unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Designs, tests and produces multi-media applications, systems and products;
- Develops and integrates digital media, special effects, animation and other visual images;
- Scopes schedules and estimates project activities;
- Any task which requires steadiness, memory or consistency in job performance;

17. Wanless suffers from Parkinson disease, with tremors, headaches, anxiety and depression. Wanless stopped working on June 24, 2014 due to worsening of his condition, including weakness, gait changes, hand tremors, and cognitive impairment. The tremors and cognitive impairment directly interfered with his ability to perform the material duties of his occupation.

18. Wanless provided proof of his continuing disability through medical records, completed Attending Physician Statements and other information requested by Aetna during the duration of his claim.

19. Aetna advised Wanless of its denial of his STD benefits on August 12, 2014.

20. Wanless advised Aetna that he wanted to appeal the denial. Aetna received that request on August 14, 2014. Wanless' request did not state that it was his actual appeal.

21. Aetna provided Wanless with a Disability Appeal Form.

22. Wanless requested additional time to provide more information on September 16, 2014.

23. Aetna requested additional time to perform a "medical review" on October 7, 2014; however, Aetna did not send Wanless' file out for medical review until after October 2, 2014.

24. Aetna's October 23, 2014 a denial letter indicated that his Short-Term and Long-Term Disability benefits were denied and no further appeals were available to him.

25. Wanless never applied for long-term disability benefits, nevertheless, Aetna denied his LTD Claim.

26. Throughout the time Wanless was applying for STD benefits, Aetna continued to approve FMLA leave from Boeing.

27. On November 12, 2014, Wanless' attorney advised Aetna that he represented him in connection with his long-term disability benefits and requested a copy of the file.

28. Aetna ignored Wanless' request.

29. Wanless' attorney called Aetna on November 26, 2014, and made a second request for the file.

30. Wanless' attorney forwarded a third request for the file on January 23, 2015.

31. Wanless has satisfied all of the jurisdictional prerequisites to filing this claim and any further administrative proceedings would be futile.

### COUNT I
### BREACH OF CONTRACT
### Boeing

32. Wanless incorporates and realleges all previous allegations.

33. Boeing had a contractual obligation to pay STD benefits to Wanless.

-4-

34. Boeing relied on Aetna to perform its contractual obligations under the STD benefits.

35. Boeing unreasonably denied Wanless his STD benefits.

36. Wanless was disabled from his own occupation during as a result of essential tremors and cognitive impairment.

37. Boeing ignored Wanless' complaints of tremors because they were "self-reported" and subjective.

38. Boeing's denial was a breach of the contract.

39. This matter arises out of contract; therefore, Wanless may recover his attorneys' fees and costs under A.R.S. § 12-341.01.

40. Wanless is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled under A.R.S. § 20-462.

41. Wanless is entitled to a jury trial on this claim.

### COUNT II
### UNPAID WAGES UNDER A.R.S. § 23-355
### (BOEING)

42. Wanless incorporates and realleges all previous allegations.

43. Boeing is an employer under Arizona law and is subject to the wage laws of the State of Arizona.

44. Wanless was employed by Boeing as that term is defined under Arizona law.

45. The STD program is a payroll practice, not an ERISA benefit plan.

46. Boeing failed to pay wages due to Wanless in violation of Arizona law.

47. Boeing intentionally, willfully, and unreasonably denied Wanless' STD payments.

48. Wanless suffered damages because of Boeing's failure to pay his STD benefits.

49. Wanless is entitled to treble damages for his improperly withheld STD payments under A.R.S. § 23-355.

50. Wanless is entitled to a jury trial on this claim.

## COUNT III
## RECOVERY OF INSURANCE AND PLAN BENEFITS
### STD Benefits
**(Aetna, Boeing, and Boeing Service Center for Health and Insurance Plans )**

51. Wanless incorporates and realleges all previous allegations.

52. This claim is pled in the alternative to Count II, in the event the STD Plan is found to be an ERISA plan.

53. Wanless became disabled in June 2014 and continues to be disabled as a result of tremors and cognitive impairment.

54. Despite coverage of Wanless' disability, Aetna has improperly denied LTD benefits to him in breach of the STD Plan.

55. The breach was arbitrary and capricious, an abuse of discretion, not supported by substantial evidence and clearly erroneous.

56. Pursuant to the coverage provided in the STD Plan, ERISA (29 U.S.C. § 1132(a)(1)(B)), and applicable federal and state common law, Wanless is entitled to recover all benefits due under the terms of the STD Plan, and to enforce his rights under its terms. Wanless is further entitled, pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the STD Plan.

57. Pursuant to 29 U.S.C. § 1132(g), Wanless is entitled to recover his attorneys' fees and costs incurred herein from LINA.

58. Wanless is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled under A.R.S. § 20-462.

**COUNT IV**
**RECOVERY OF INSURANCE AND PLAN BENEFITS**
**LTD Benefits**
**(Aetna, Boeing, and Boeing Service Center for Health and Insurance Plans)**

59. On information and belief, Boeing funds the LTD Benefits of its Plan through the purchase of an insurance policy from Aetna. In exchange for premiums, Aetna pays all benefits due under the LTD portion of the Plan.

60. On information and belief, Boeing pays part of the employee's premium for LTD and the employee pays a part.

61. For the Plan's LTD benefits, Aetna is the Claim Administrator and Aetna and Boeing are Plan Fiduciaries as defined by ERISA.

62. At all relevant times, Wanless was a Boeing employee, became a covered individual under the Plan, and remained continuously employed.

63. The LTD Plan defines disability as an illness "that prevents you from performing the material duties of your own occupation or other appropriate work the Company makes available" for the first 24 months. Thereafter, disability is defined by the employee's inability to work at "any reasonable occupation for which you may be fitted by training, education, or experience."

64. The Policy does not require that a claimant be paid STD Benefits for the six-month waiting period before LTD benefits commence.

65. The LTD Plan requires submission of the claim within 90 days after the 26-week waiting period.

66. On information and belief, the LTD Plan does not contain language giving the BSC the ability to delegate discretion to Aetna, and, therefore, the Plan does not contain a valid grant of discretion and the Court

67. Wanless became disabled in June 25, 2014 due to increased tremors and worsening of his cognitive abilities, depression and anxiety. Wanless continues to be disabled, and is unable to perform the substantial and material duties of his occupation.

68. Aetna never proposed an alternative occupation for Wanless.

69. Wanless never filed an LTD claim.

70. Nevertheless, Aetna denied his LTD claim on August 12, 2014 and October 23, 2014.

71. By failing to consider Wanless' LTD before he submitted it, Aetna and the Plan failed to provide Wanless a full and fair review.

72. Aetna's denial of LTD benefits to Wanless was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

73. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Wanless is entitled to recover all benefits due under the terms of the LTD Plan, and to enforce his rights under the terms of the Plan.

74. Wanless is further entitled, under the terms of ERISA, 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the Plan.

75. Pursuant to 29 U.S.C. § 1132(g), Wanless is entitled to recover his attorneys' fees and costs incurred herein from Defendants.

76. Wanless is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

**COUNT IV**
**BREACH OF FIDUCIARY DUTY**
**(Aetna)**

77. Aetna owes fiduciary duties to participants in the Plan under ERISA, 29 U.S.C. §§ 1132(a)(2)-(3).

78. Aetna exercised discretionary authority or control over the management or administration of the Plan.

79. Aetna admits that it is a fiduciary under the Plan with fiduciary duties, including the duty to act prudently and in the best interests of Plan participants and beneficiaries.

80. Aetna provided Wanless with a generic "appeal form."

81. Aetna distributes these forms to all of the Plan participants at the time a claim is denied and a participant indicates intent to appeal.

82. In providing the generic appeal form, Aetna misleads Plan Participants into believing that the form alone is a sufficient appeal, when all the form achieves is a re-review of the same information.

83. Aetna provides first level "peer" reviewers with the previous reviewer's opinions, at a minimum destroying the appearance of independence, if not actually attempting to influence subsequent reviewers' opinions.

84. Aetna refused to consider Wanless' LTD claim, simply because his STD claim was not approved.

85. Aetna arbitrarily refused to permit Wanless to file an LTD claim for consideration.

86. On information and belief, Aetna has a practice of not approving STD benefits to avoid payment of LTD benefits.

87. Aetna's failure to provide all relevant information, its intentional withholding of relevant information, its numerous procedural irregularities, its financial conflict, and its failure to act in Plan participant's best interests are all breaches of its fiduciary duty under ERISA and the terms of the Plan.

88. Aetna failed to discharge its duties with the care, skill, prudence, and diligence that a prudent man acting in like capacity and familiar with such matters would use under similar circumstances.

89. ERISA "does not elsewhere adequately remedy" the injuries caused to Wanless by Defendant's breach of fiduciary duty violations.

90. Aetna should be held liable for benefits it gained through unjust enrichment and for harm caused as a result of its breach to Wanless.

91. Aetna must return any benefits resulting from its breach to Wanless.

92. Aetna's breaches injured the Plan, jeopardized the Plan or put at risk Plan assets.

93. The Plan as a whole incurred an injury as a result of the Aetna's breaches of its fiduciary duties.

94. Aetna is liable for loss of value to the Plan or for any profits that the Plan would have accrued in the absence of the breach.

95. Wanless is entitled to pursue any equitable remedies that will restore him to the position he would have been in, but for Aetna's breach of its duties under ERISA and the Plan.

96. Aetna gains a benefit by facility to properly advise Plan participants about what is required to appeal its decision.

97. Because Aetna breached its fiduciary duties, Wanless was actually harmed.

98. Wanless relied on the Plan to his detriment, believing that he was entitled to STD and LTD benefits pursuant to the provisions of the Plan.

99. Aetna was unjustly enriched as a result of its breach of fiduciary duty violations, because it wrongfully withheld benefits for its own profit.

100. If Wanless is not awarded a remedy beyond an award of benefits, Aetna If Wanless is not awarded a remedy beyond an award of benefits, Aetna has no incentive to stop denying benefits under the Plan as a result of its structural conflict of interests.

101. Wanless seeks injunctive relief, which would benefit not only the Plan's individual participants, but also Wanless.

102. As a direct and proximate result of the breaches of fiduciary duty, Wanless suffered actual financial harm and incurred financial expense

WHEREFORE, Wanless prays for entry of judgment against Defendants as follows:

    A.    For a finding that the STD Plan is a salary continuation plan;

    B.    For treble damages of the STD benefits under A.R.S. 23-355

    C.    All STD benefits owed For all past and future benefits due Wanless under the terms of the Plan;

    D.    For an order requiring Aetna to open and process a LTD claim for Wanless;

    E.    For and order clarifying and determining Wanless' rights to future benefits under the terms of the Plan;

    F.    An injunction against the Plan from misinforming Plan participants of ERISA regulations and requiring compliance with ERISA regulations and Plan terms;

    G.    An equitable surcharge, disgorgement, or other appropriate equitable remedy(ies) for Aetna's breach of fiduciary duty violations and resulting unjust enrichment.

    H.    For equitable relief under 29 U.S.C. § 1132(a)(3);

    I.    For an award of Wanless' attorneys' fees and costs incurred herein;

    J.    For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

    K.    For such other and further relief as the Court deems just and reasonable.

Dated this 21st day of August 2015.

                      THE COUNTERS FIRM, P.C.
                      SCHIFFMAN PUIG, P.C.


                      By: /s/ Lisa J. Counters
                          Lisa J. Counters

THE COUNTERS FIRM, P.C.
4809 E. THISTLE LANDING DRIVE, STE. 100
PHOENIX, AZ 85044 ♦ (602) 490-0030